UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUSTIN DEWAYNE DICKERSON                                            PETITIONER

VERSUS                                    CIVIL ACTION NO. 3:23-CV-3097-TSL-RPM

BURL CAIN                                                            RESPONDENT

## REPORT AND RECOMMENDATION

Justin Dewayne Dickerson filed on November 17, 2023, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence from the Circuit Court of Simpson County. Doc. [1]. Petitioner currently serves a 40-year sentence, with 20 years to serve and 20 years suspended, following his guilty plea and conviction for exploitation of children. Doc. [19-1]. Following his conviction, Dickerson filed numerous letters, pleadings, and motions in the state circuit court. At issue is whether Dickerson exhausted his claims with the state's highest court prior to bringing the instant § 2254 petition.

On July 30, 2021, Dickerson filed his first post-conviction motion for collateral relief (PCR) in the circuit court. Doc. [20-1] at 105. The trial court denied the motion on October 14, 2021. Doc. [20-4] at 23. Dickerson appealed the trial court's decision (Doc. [20-7 at 156]); however, the Mississippi Supreme Court ultimately dismissed Dickerson's appeal on December 28, 2022, because he failed to file an appeal brief (Doc. [20-14] at 145). While the appeal was pending, Dickerson filed PCR motions with the trial court on September 21, 2021, November 15, 2021, and December 20, 2021. Doc. [20-12] at 235, 337, 383. The trial court denied these motions. *Id.* at 323, 372.

While the appeal of his first PCR motion was pending, Dickerson filed in the Mississippi Supreme Court on June 14, 2022, and November 22, 2022, applications for leave to proceed with

a PCR motion in the Simpson County Circuit Court. Doc. [20-9] at 12, 54. The Mississippi Supreme Court dismissed Dickerson's applications without prejudice to be filed in the trial court. *Id.* at 3, 50. On June 3, 2022, and July 29, 2022, Dickerson filed two additional PCR motions in the Simpson County Circuit Court. Doc. [20-13] at 333, 455. On September 1, 2022, the trial court entered an order denying both PCR motions as successive. Doc. [20-14] at 93. Dickerson filed an appeal from the trial court's order; however, the appeal was dismissed on October 25, 2022, because Dickerson failed to pay the appeal costs. *Id.* at 133, 138-39.

In addition to the aforementioned PCR motions, Dickerson has filed numerous other post-conviction pleadings, including but not limited to: Petition to Release Evidence filed on May 21, 2021 (Doc. [20-12] at 83); Petition to Clarify Sentence filed on June 22, 2022 (Doc. [20-13] at 2); Motion to Dismiss Charges for Failure to Provide a Fast and Speedy Trial filed on August 18, 2022 (Doc. [20-14] at 67); Petitions for Writ of Mandamus filed on January 9, 2023 and December 4, 2023 (Doc. [20-10] at 12, 21); Petition Requesting Authorization for Parole Consideration filed May 1, 2023 (Doc. [20-14] at 206); Motion for Order to Show Cause filed on May 2, 2023 (Doc. [20-14] at 221); Motion for Permission to Proceed Out of Time filed on June 7, 2023 (Doc. [20-14] at 250); Petition for Judges Consideration filed on December 6, 2023 (Doc. [20-14] at 286); and Petition for Judges Consideration filed on March 1, 2024 (Doc. [20-14] at 296).

Dickerson filed the instant § 2254 petition on November 17, 2023. In the petition, he asserts the following claims: (1) ineffective assistance of counsel; (2) due process violations; (3) improper indictment; and (4) unreasonable search and seizure. On March 7, 2024, Dickerson filed a Petition for Judges Consideration, which the Court has construed as an amendment to his petition. Doc. [12] [15]. In that pleading, he appears to request modifications to his state court

sentence. Specifically, he seeks a court order for (1) long term alcohol and drug program; (2) work to obtain a GED; (3) Dickerson to have no contact with victims of his crimes; (4) payment plan on all court ordered fines and court costs; (5) Dickerson to have no contact with State's witnesses; and (6) sentence reduction to 50 years, seven years to serve, 33 years suspended, five years supervised probation with GPS ankle monitor, and 28 years unsupervised probation. Doc. [12]. On April 2, 2024, Respondent filed a motion to dismiss and argues Dickerson procedurally defaulted his claims by failing to present them to the state's highest court, thereby failing to meet § 2254's exhaustion requirement. Doc. [19]. Dickerson has not filed a response in opposition.

## Law and Analysis

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c).

In order to exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id*. The Mississippi Uniform Post-Conviction Collateral Relief Act provides an available procedure in

state court.  *See* Miss. Code Ann. § 99-39-1 et seq.  This statute provides an avenue for an inmate to challenge his incarceration based upon a claim that "his conviction or sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi."  *See* Miss. Code Ann. § 99-39-5(1)(a); *see Smith v. State*, 291 So. 3d 1140, 1141 (Miss. Ct. App. 2020).  If the trial court denies an inmate relief on his PCR motion, he has the further right to appeal to the Mississippi Supreme Court.  § 99-39-25(1).

Respondent gives a lengthy and detailed account of Dickerson's post-conviction filings and argues that his habeas claims are unexhausted because they were never appealed to the Mississippi Supreme Court.  Dickerson has not filed a response in opposition to the motion to dismiss, and therefore does not dispute Respondent's account of the State court proceedings.  As demonstrated by the record, Dickerson filed numerous post-conviction pleadings, including several PCR motions.  On two occasions, he filed appeals from the trial court's denial of his PCR motions; however, these appeals were dismissed by the Mississippi Supreme Court prior to any briefing or consideration on the merits.  The first PCR appeal was dismissed because Dickerson did not file an appeal brief; the second was denied because he did not pay the appeal costs.  *See* [20-14] at 133, 145.  Accordingly, Dickerson has not presented his claims to the state's highest court in a procedurally proper manner.  *See Lindsey v. Mississippi State Parole Bd.*, No. 4:06CV72-P-D, 2006 WL 2662353, at *1 (N.D.Miss. Sept. 14, 2006)(finding petitioner failed to exhaust state remedies because he did not appeal trial court's denial to the Mississippi Supreme Court); *see also Dortch v. Mississippi*, No. 3:20-CV-00269-GHD-DAS, 2020 WL 6333896, at *1 (N.D.Miss. Oct. 28, 2020) (advising petitioner that to exhaust he must appeal adverse circuit court's decision to the Mississippi Supreme Court).  Thus, he has failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process." *O'Sullivan*, 526 U.S. at 845; *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004).

If Dickerson were to attempt to return to state court to exhaust his state remedies, a motion for post-conviction relief would be considered successive and dismissed as procedurally barred. *See* Miss. Code Ann. §§ 99-39-23(6) & 99-39-27(9); *Sneed v. State of Mississippi*, 722 So.2d 1255, 1256 (Miss. 1998). In fact, the trial court found that later-filed PCR motions "filed on June 3, 2022, and July 29, 2022, are barred as successive writs." Doc. [20-14] at 93. The Fifth Circuit has held that Mississippi's successive petition bar is an independent and adequate procedural bar to federal habeas relief. *See Spicer v. Cain*, 2021 WL 4465828, at *3 (5th Cir. Sept. 29, 2021); *Chancellor v. Mississippi*, 129 F.App'x 878 (5th Cir. 2005).

There are recognized exceptions to Mississippi's successive-writ bar stated in section 99–39–23(6); however, these exceptions do not appear to apply in this case: (1) if petitioner can demonstrate an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually affected the outcome of his conviction or sentence, (2) if petitioner has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence; (3) if petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked; or (4) if petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology. *See Fluker v. State of Mississippi*, 170 So.3d 471, 475 (Miss. 2015); *Salter v. State of Mississippi*, 184 So.3d 944, 948-49 (Miss.Ct.App. 2015); *Jones v. State of Mississippi*, 995 So.2d 822, 823-24 (Miss.Ct.App.

2008). Petitioner does not argue in his petition that any of these exceptions would apply to the unexhausted claims.

Because Dickerson's claims are procedurally barred in state court, the undersigned concludes that his claims are likewise barred from consideration in this court. *See Neville*, 423 F.3d at 479; *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley*, 243 F.3d at 220. When "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones*, 61 F.3d at 416.

The Court may still reach the merits of a petitioner's claim despite the procedural bar if the petitioner can show cause for the non-exhaustion and prejudice, or if he can show that the Court's failure to consider the merits of petitioner's claim will result in a fundamental miscarriage of justice. *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005). Dickerson offers no explanation for his failure to pursue state remedies with respect to the unexhausted claims. Therefore, the undersigned finds that he cannot demonstrate cause for the failure to exhaust. Likewise, Dickerson does not argue prejudice. To establish prejudice, he would be required to show that, but for the alleged error, the outcome of the proceeding would have been different. *See Pinckney v. Cain*, 337 F.3d 542, (5th Cir. 2003).

Petitioner cannot demonstrate a fundamental miscarriage of justice because he has not demonstrated he is actually innocent of the underlying crime of conviction. *See Hughes v. Quarterman*, 530 F.3d 336, 341-42 (5th Cir. 2008). In other words, he has not presented new,

6

reliable evidence to show that it was "more likely that no reasonable juror would have convicted him in light of the new evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Dickerson entered a guilty plea to the charges against him. At the plea hearing, the prosecutor indicated that if the case went to trial, the State would present evidence of child pornography discovered on Dickerson's cellphone, including "multiple videos and pictures of children committing sexual acts on adults and on each other…. Some of these appear to be homemade videos, wherein after interrogation and investigations they deemed that the adult in the video was Mr. Dickerson." Doc. [20-12] at 455. According to the prosecutor, Dickerson admitted to the criminal conduct on tape and in letters. *Id.* at 455-56. When questioned by the trial judge, Dickerson stated he did not disagree with anything the prosecutor said regarding the factual basis. *Id.* at 456. He further agreed that he did what has been alleged and that he did commit the crime as charged. *Id.* at 457.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [19] Motion to Dismiss be GRANTED and that Justin Dewayne Dickerson's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and

7

on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 7th day of January 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE